# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| United States | |
|---|---|
| v. | Crim. Case No. 1:22-cr-00432-SDG-JEM-1 |
| Shelitha Robertson | |

### OPINION AND ORDER

This matter is before the Court on the non-final report and recommendation (R&R) of United States Magistrate Judge J. Elizabeth McBath recommending that the Court deny Defendant Shelitha Robertson's (1) motion to dismiss the indictment and (2) petition for disclosure of grand jury matters.[1] Robertson objects in part to the R&R.[2] Those objections are **OVERRULED**, the R&R is **ADOPTED** in its entirety, and Robertson's motions are **DENIED**.

### I.   Applicable Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009); Fed. R. Crim. P. 59(b)(2). The district court must "make a *de*

---

[1]   ECF 28 (Mot. to Dismiss); ECF 29 (Pet. for Disclosure); ECF 45 (R&R).

[2]   ECF 47.

*novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990); Fed. R. Crim. P. 59(b)(3). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## II.   Background[3]

Robertson has been indicted in connection with her participation in an alleged scheme to fraudulently obtain loans under the Paycheck Protection Program (PPP), a COVID-19 pandemic relief program.[4] Her alleged co-conspirator (Chandra Norton) pleaded guilty to one count of wire fraud conspiracy.[5] At the time the alleged scheme took place, both Robertson and Norton were attorneys licensed to practice in Georgia.

On May 19, 2022, before Robertson's indictment, the government initiated a civil action seeking a ruling that certain communications between Robertson and

---

[3]  Robertson does not object to the procedural history or factual background in the R&R. *See generally* ECF 47. The Court therefore adopts those portions of the R&R but includes this background section for ease of reference and to describe relevant events that took place after the R&R was issued.

[4]  ECF 1.

[5]  *United States v. Norton*, Crim. Case No. 1:20-cr-00297-SDG (N.D. Ga.), ECF 1 (Crim. Information) & ECF 10 (Minute Entry).

Norton were not protected by the attorney-client privilege and could be presented to the grand jury investigating the PPP loan scheme.[6] Robertson opposed the request.[7] On August 12, the Court held an evidentiary hearing on the government's motion. Several witnesses—including Robertson and Norton—testified.[8] Norton was subjected to extensive cross-examination by Robertson's counsel (who also represent Robertson in this criminal action).[9] On September 2, the Court ruled that Robertson had an attorney-client relationship with Norton, but that their communications related to the PPP loans were covered by the crime-fraud exception.[10] Robertson appealed.[11]

During the pendency of that appeal, on December 6, 2022, Robertson was indicted for conspiracy to commit wire fraud, wire fraud, and engaging in monetary transactions in property derived from specified unlawful activity.[12] Robertson pleaded not guilty.[13] On January 6, 2023, Robertson filed the instant

---

[6] *In re Grand Jury No. 2-20* (SEALED CASE), 1:22-cv-2362-SDG (N.D. Ga.) (hereinafter, the Civil Action), ECF 1.

[7] *Id.*, ECF 6.

[8] *Id.*, ECFs 11, 17.

[9] *Id.*, ECF 17.

[10] *Id.*, ECF 18.

[11] *Id.*, ECF 19.

[12] ECF 1.

[13] ECF 7.

motion to dismiss the indictment and petition for disclosure of grand jury testimony.[14] Judge McBath issued the R&R on March 17,[15] and Robertson objected.[16] On June 2, the Court of Appeals vacated the Court's September 2 Order in the Civil Action and dismissed Robertson's appeal as moot as a result of her indictment.[17] On July 17, this Court held a hearing on Robertson's objections to the R&R.[18] The Court also permitted Robertson to submit an *ex parte* proffer explaining new areas of inquiry she proposed to explore should the Court grant her alternative request for a suppression hearing.[19]

### III. Discussion

#### A. Motion to Dismiss the Indictment

The R&R concludes that binding precedent forecloses Robertson's argument that the indictment should be dismissed because information protected by the attorney-client privilege was provided to the grand jury.[20] Indeed, Robertson concedes this.[21] But she argues that suppression of the privileged information at

---

[14] ECF 28; ECF 29.

[15] ECF 45.

[16] ECF 47.

[17] Civil Action, ECF 24.

[18] ECF 52; ECF 59.

[19] ECF 59 (July 17, 2023 Minute Entry); ECF 62 (Proffer).

[20] ECF 45, at 5–6.

[21] ECF 47, at 2.

trial is an appropriate remedy and that a suppression hearing is therefore needed.[22] The Court concludes that neither remedy is warranted here.

Since Robertson accepts that her request for dismissal of the indictment is dead on arrival, the Court will not belabor the point made in the R&R: The Eleventh Circuit has long held that dismissal of an otherwise valid indictment is not an appropriate remedy when a grand jury has heard testimony that is inadequate, is incompetent, or was unconstitutionally obtained. *Roe v. United States (In re Grand Jury Proceedings (No. 93-2))*, 142 F.3d 1416, 1425–28 (11th Cir. 1998) ("[T]he Supreme Court has held that, once the grand jury has received evidence that the putative defendant contends was illegally obtained, or has heard testimony that the putative defendant contends was protected by privilege, the dismissal of the ensuing indictment is not an appropriate remedy." (citing *United States v. Calandra*, 414 U.S. 338, 344–45 (1974)).[23]

On the other hand, "a post-indictment motion *in limine* to suppress the use of the evidence" *is* an appropriate method to challenge the use at trial of privileged testimony that was improperly presented to a grand jury. *Id.* at 1428. This does not mean, however, that a defendant is automatically entitled to a hearing on her suppression motion. A court can decline to conduct a hearing and deny such a

---

22   *Id.* at 2–4.

23   *See generally* ECF 45, at 5–6.

motion "if the defendant fails to allege facts that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1526–27 (11th Cir. 1985) (citing *United States v. Sneed*, 732 F.2d 886 (11th Cir. 1984)). *See also id.* at 1527 (noting that the trial court has discretion in deciding whether a suppression hearing is necessary). Here, Robertson essentially asks the Court for a do-over of the evidentiary hearing on which the September 2 Order in the Civil Action was based and objects that the earlier evidentiary hearing did not address "[s]uppression of evidence for the purposes of a criminal proceeding."[24] While true, it is also beside the point.

Though she disputes it, the Court's September 2 ruling addressed the precise issues Robertson again raises here—whether her communications with Norton regarding the PPP loans were privileged and, if so, whether those communications were subject to an exception to the privilege. In the Civil Action, the Court concluded that the answer to each question was "Yes." A party may not invoke the attorney-client privilege to protect communications made for the purpose of committing a crime or fraud. *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987). Accordingly, although Robertson's discussions with Norton were attorney-client communications, they are not

---

[24] *Id.* at 4.

protected because they are subject to the crime-fraud exception as detailed in the Court's September 2 Civil Action Order.[25] Under these facts, Robertson fails to explain how the government's use of such statements would be unlawful or in violation of her rights (thereby justifying suppression). She puts forward no basis for the Court to conclude that the crime-fraud exception does not apply or supply any factual basis for suppression of the statements. In the absence of such facts, there is no reason for the Court to hold a suppression hearing. Robertson has not established a basis for the relief she seeks. *Richardson*, 764 F.2d at 1526–27.

Robertson's communications with Norton about the PPP loans were either privileged or they weren't. The crime-fraud exception applies or it doesn't. The context in which the Court concluded those discussions were not entitled to protection—a civil proceeding brought by the government—does not alter the fundamental facts at issue. Robertson has not presented any reason why the Court's conclusion about the applicability of the crime-fraud exception would change were it to conduct another hearing involving the same basic facts and testimony. And the Court of Appeal's vacatur of the September 2 Order did not in any way implicate this Court's underlying analysis.

---

25   Civil Action, ECF 18.

When pressed during the motions hearing in this case for new areas that Robertson would explore during a suppression hearing, defense counsel were hard-pressed to identify any specific topic. In fact, in her post-motions-hearing proffer, Robertson concedes that her counsel were given "wide latitude by the Court in cross-examining Norton [during the Civil Action evidentiary hearing], and conducted a thorough and sifting examination of the witness."[26] Robertson asserts only that she did not have the opportunity during the hearing to question and impeach Norton about certain discovery later provided to Robertson by the government.[27]

The purpose of a suppression hearing is not to provide a defendant with a sneak peak of a witness's trial testimony. Robertson does not connect how her proposed areas of questioning relate to any ground she could use to argue for the suppression of her communications with Norton. Nor does Robertson say how additional cross-examination of Norton would supply facts that could alter the Court's conclusion that communications between the two alleged co-conspirators are subject to the crime-fraud exception. At best, what Robertson has pointed to are lines of potential cross-examination from which a jury might conclude that

---

[26] ECF 62, at 1. Although this proffer statement was filed with the Court *ex parte*, the Court finds that the limited description of its contents in this Order does not violate any privilege or confidences.

[27] *Id.* at 3–4.

Norton's testimony should not be believed. Perhaps so, but that is not the test for whether the crime-fraud exception applies. What matters is whether (1) the evidence—*if believed by the jury*—would establish the elements of a criminal violation and (2) the attorney's assistance was obtained in furtherance of that criminal activity. *Schroeder*, 842 F.2d at 1226–27. Further, having reviewed the testimony that was presented to the grand jury, undersigned is satisfied that no information protected by the attorney-client privilege and not subject to the crime-fraud exception was disclosed.

### B. Petition for Disclosure of Grand Jury Matters

Judge McBath recommended that the Court deny Robertson's petition for the disclosure of all evidence relating to Norton that was presented to the grand jury and all prosecutorial statements to the grand jury.[28] The R&R concluded that Robertson had not made a sufficient showing to justify piercing grand jury secrecy.[29] Robertson objects, arguing that the case against her is based almost entirely on information from Norton and, because of the attorney-client relationship between them, the Court should exercise its discretion to permit the disclosures Robertson seeks.

---

[28] ECF 45, at 7–13.

[29] *Id.*

The Eleventh Circuit has made clear that courts should not permit a fishing expedition into grand jury materials and that a defendant must demonstrate a particularized and compelling need to obtain them. *United Kingdom v. United States*, 238 F.3d 1312, 1320–21 (11th Cir. 2001). A bare argument that the materials are needed to defend against criminal charges is insufficient. *Id.* at 1321. *See also Beiter v. United States*, No. 22-12282, 2023 WL 1980773, at *2 (11th Cir. Feb. 14, 2023) ("It has been a long-standing policy of the law that grand jury proceedings should be kept secret and only disclosed in limited circumstances. . . . A party meets th[e] standard [for disclosure] when he shows that he needs the material he seeks to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that his request is structured to cover only material so needed." (citations omitted)). Robertson has failed to make the showing necessary to justify disclosure of the materials she seeks. And further, having reviewed the grand jury materials Robertson seeks, undersigned is satisfied that there is no disclosure required by law.

## IV. Conclusion

Robertson's objections to the R&R are **OVERRULED** and the R&R is **ADOPTED** in its entirety. Robertson's motion to dismiss the indictment [ECF 28] and petition for disclosure of grand jury matters [ECF 29] are **DENIED**.

**SO ORDERED** this 15th day of November, 2023.

Steven D. Grimberg
United States District Judge