IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 1:22-cr-00432-SDG-JEM** |
| **v.** | |
| **SHELITHA ROBERTSON,** | |
| **Defendant.** | |

## DEFENDANT ROBERTSON'S
## MOTION FOR JUDGMENT OF ACQUITTAL

Defendant Shelitha Robertson files this Motion for Judgment of Acquittal pursuant to Federal Rule of Evidence 29(a), and moves the Court to enter judgment of acquittal in favor of Defendant on all charges in the Indictment.

The Government has charged Ms. Robertson with alleged conspiracy to commit wire fraud under 18 U.S.C. § 1349, alleged wire fraud under 18 U.S.C. §§ 1342 and 2, and alleged money laundering under 18 U.S.C. §§ 1957 and 2. *See* Doc. # 1. Specifically, it has charged that Ms. Robertson, "having devised and intending to devise a scheme and artifice to defraud," "knowingly and intentionally" agreed with Chandra Norton "and other individuals" to obtain money and property by means of materially false and fraudulent representations "with the intent to advance the conspiracy." *Id.*, ¶ 13. The Government alleges that the purpose of the

1

alleged conspiracy was for Robertson and her co-conspirators "to unjustly enrich themselves by fraudulently obtaining [Paycheck Protection Program (PPP)] loans under false and misleading pretenses…" *Id*. at ¶ 14.

In order to convict a defendant for allege wire fraud conspiracy, the Government must present evidence beyond a reasonable doubt that "(1) that a conspiracy to commit wire fraud existed; (2) that the defendant knew of it; and (3) that the defendant knowingly and voluntarily joined it." *United States v. Fisher*, No. 21-11879, 2022 WL 4138863, at *14 n. 8 (11th Cir. Sept. 13, 2022) (quoting *United States v. Feldman*, 931 F.3d 1245, 1257 (11th Cir. 2019)). The elements of a wire fraud charge are "(1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of the scheme." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003) (citing *United States v. Ross*, 131 F.3d 970, 984 (11th Cir. 1997)). Finally, "[t]o convict a defendant of money laundering under § 1957 the government must prove (1) that the defendant knowingly engaged or attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, and (2) that the property is derived from specified unlawful activity." *United States v. Molina*, 413 F. App'x 210, 213 (11th Cir. 2011) (*per curiam*) (citing 18 U.S.C. § 1957(a); *United States v. Silvestri*, 409 F.3d 1311, 1332-1333 (11th Cir. 2005)).

2

"[A]fter the government closes its evidence," a court faced with a defense motion "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).

> Guilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.

*Brinegar v. United States*, 338 U.S. 160, 174, 69 S. Ct. 1302 (1949). "[T]he government is required to prove beyond a reasonable doubt each element of a criminal offense, [cit.] and the failure to do so is fatal to the case." *United States v. McLean*, 802 F.3d 1228, 1231 (11th Cir. 2015) (internal citation omitted) (citing *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995)).

"'[A] motion of acquittal must be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of the essential elements of the crime charged.'" *United States v. Sink*, 586 F.2d 1041, 1048–1049 (5th Cir. 1978) (quoting *United States v. Barrera*, 547 F.2d 1250, 1255 (5th Cir. 1977); quoting *United States v. Reynolds*, 511 F.2d 603 (5th Cir. 1975)).

The Eleventh Circuit Court of Appeals has held that "'there must be 'substantial evidence' connecting [a defendant] to a conspiracy.'" *United States v. Toler*, 144 F.3d 1423, 1427 (11th Cir. 1998). Courts in this Circuit have granted or upheld judgments of acquittal on conspiracy charges where a reasonable jury could possess a reasonable doubt regarding the existence of the elements of the offense. *See United States v. Barona-Bravo*, 685 Fed. Appx. 761, 767 (11th Cir. 2017) (*per curiam*; unpublished) (noting, in the trial of defendants on conspiracy and drug charges, that the trial court had granted judgment of acquittal to the captain of a cargo vessel from which contraband was seized, "as the evidence had demonstrated that he was ignorant of the smuggling operation onboard…"); *United States v. White*, 256 Fed. Appx. 333, 335 (11th Cir. 2007) (*per curiam*; unpublished) (noting that "the district court granted [the defendant's] motion for judgment of acquittal to the extent that there was no evidence to sustain a conspiracy charge [pursuant to 18 U.S.C. § 371] against him relating to [various] counts…'); *United States v. Barrera*, 547 F.2d 1250, 1255 (5th Cir. 1977) (reversing the defendants' convictions for conspiring to possess and possession with intent to distribute, approximately 875 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), holding that "in our view, the trial judge should not have sent the case to the jury because under the circumstances presented herein he should have

determined that a reasonably minded jury must necessarily have had a reasonable doubt of the guilt of [the defendants]").

Viewing the evidence favorably to the Government, the Government has failed to produce evidence sufficient to support any finding beyond a reasonable doubt by the jury that Ms. Robertson allegedly knowingly and intentionally agreed with Norton and others to fraudulently obtain PPP loans for her alleged enrichment. *See* Doc. # 1, ¶¶ 13, 14. On the contrary, testimony and evidence elicited during the Government's case indicates that Ms. Robertson returned all of the PPP loan proceeds which she received.

The Government has similarly failed to introduce evidence to justify any a finding beyond a reasonable doubt that Ms. Robertson allegedly knowingly transmitted or caused to be transmitted the PPP loan disbursements on May 1, 8 and 15, 2020, to sustain its wire fraud charges. *See* Doc. # 1, ¶ 30. Moreover, the Government's evidence is insufficient to eliminate any reasonable doubt to establish that Ms. Robert allegedly knowingly paid for the item of jewelry alleged in the Indictment knowing that funds used to pay for the item were derived wire fraud, as required to obtain a conviction on its money laundering charge. *Id*. at ¶ 32.

Based upon the grounds and authorities set forth herein, Defendant Shelitha Robertson respectfully requests that the Court grant her Motion for Judgment of Acquittal and order judgment of acquittal in favor of the Defendant as to all charges in the Indictment.

Respectfully submitted, this 15th day of December, 2023.

/s/ Anthony C. Lake_____
Anthony C. Lake
Georgia Bar No. 431149
Craig A. Gillen
Georgia Bar No. 294838
GILLEN & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
aclake@gwllawfirm.com

Counsel for Defendant Shelitha Robertson

6

## CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned hereby certifies, pursuant to LCivR 7.1(D), that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in LCivR 5.1(B).

The undersigned hereby further certifies that on this 15th day of December, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on all attorneys of record.

/s/ Anthony C. Lake_____
Anthony C. Lake
Georgia Bar No. 431149
Craig A. Gillen
Georgia Bar No. 294838
GILLEN & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
aclake@gwllawfirm.com

*Counsel for Defendant Shelitha Robertson*