IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>SHELITHA ROBERTSON | Criminal Action No.<br><br>1:22-cr-00432-SDG-JEM |

**United States' Response in Opposition to Defendant's Amended Proposed Jury Instruction**

The United States of America, by and through undersigned counsel, opposes Defendant's Notice of Amended Proposed Jury Instruction (Doc. 92). The Court should deny Defendant's proposed jury instruction because it already is covered by the Court's charge and because the proposed jury instruction is argumentative and wrongly seeks to have the Court recite to the jury purported factual findings.

## ARGUMENT

### I. Defendant's Proposed Instruction Mirrors the Court's Instruction Pertaining to Good Faith Reliance Upon Advice of Counsel

The essence of Defendant's proposed jury instruction is that Defendant's co-conspirator acted as Defendant's attorney and Defendant then followed her co-conspirator's advice that Defendant "qualified for Paycheck Protection Program loans." (Doc. 92). But this theory is already covered in the Court's Charge No. 24

(Good-Faith Reliance Upon Advice of Counsel).[1]  Charge No. 24 instructs the jury that "[u]nlawful intent has not been proved if the Defendant, before acting," *inter alia*, "received the attorney's advice as to the specific course of conduct that was followed; and reasonably relied upon that advice in good-faith."  *See* Court's Jury Instructions at p. 27.  The point of Defendant's proposed jury instruction and the Court's instruction regarding good-faith reliance upon advice of counsel is identical.  Importantly, a court need not give a theory of defense instruction "when the charge given adequately covers the substance of the requested instruction." *United States v. Beck*, No. 21-13582, 2023 U.S. App. LEXIS 20331, at *16 (11th Cir. 2023) (quoting *United States v. Ndiaye*, 434 F.3d 1270, 1293 (11th Cir. 2006).[2]

## II. Defendant's Amended Proposed Jury Instruction is Argumentative

Defendant's proposed jury instruction should also be denied as argumentative and because it "seeks to place the defendant's desired factual findings into the mouth of the court." *Id.* (quoting *United States v. Paradies*, 98 F.3d 1266, 1287 (11th Cir. 1996)).  Indeed, Defendant's proposed jury instruction is

---

[1] The government has stated that it does not object to Charge No. 24.

[2] As with the Court's Charge No. 24, Defendant's proposed jury instruction appears to apply only to Count One in that it seeks to negate proof of specific intent.  The only specific intent crime with which Defendant is charged is conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  *See e.g.*, *United States v. Eisenstein*, 731 F.2d 1540, 1543-44 (11th Cir. 1984) ("A defendant . . . can attempt to negate proof of specific intent by establishing the defense of good faith reliance on advice of counsel") (internal citation omitted).

2

riddled with contested facts. For example, contrary to Defendant's proposed jury instruction, the evidence presented in the government's case-in-chief weighs against any factual finding that: (1) "Chandra Norton advised Ms. Robertson that her assets and net worth qualified for PPP loans . . ."; (2) "[o]n May 28, 2020, [] Ms. Robertson became concerned about Norton's activities"; or (3) that Defendant then "immediately contacted another attorney and made arrangements to repay the PPP loans, with interest." The evidence presented in the government's case-in-chief further weighs against the suggestion that Ms. Norton handled the preparation and documentation of the PPP loan applications for Defendant's businesses *without* Defendant's direction and input.

The Court's reasoning in *United States v. Jensen*, No. 10-cr-310, 2012 U.S. Dist. LEXIS 206757 (N.D. Ga. Oct. 22, 2012), in which the Court denied Defendant's request for an instruction relating to a theory of defense, is directly applicable. In that case, the Court concluded that the "requested charge is argumentative and summarizes the evidence favorable to the Defense. The requested charge improperly directs the jury's attention to certain facts which the charge seeks to have emphasized by the Court." *Id.* at *23. Here too, the nature of Defendant's proposed instruction is partisan and argumentative and should be denied. *Id.* (citing *United States v. Maxwell*, 579 F.3d 1282, 1304-05 (11th Cir. 2009)).

### III. Defendant's Ability to Present an Effective Defense Will Not Be Seriously Impaired

The appropriate forum for Defendant to present her view of the facts to the jury is at closing argument. Defendant will have every opportunity then to *argue*

how the jury should consider the weight of the evidence presented at trial. Moreover, Defendant's proposed jury instruction is already covered by the Court's charge. Accordingly, denial of Defendant's proposed jury instruction will have no bearing on Defendant's ability to present an effective defense. *See Maxwell*, 579 F.3d at 1303.

## CONCLUSION

For the foregoing reasons, Defendant's proposed jury instruction should be denied.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/BERNITA MALLOY
*Assistant United States Attorney*
Georgia Bar No. 718905
75 Ted Turner Drive SW
Atlanta, GA 30303
Bernita.Malloy@usdoj.gov

GLENN S. LEON
*Chief, Fraud Section*
*U.S. Department of Justice*

/s/ARIEL GLASNER
*Trial Attorney, Fraud Section*
*U.S. Department of Justice*
D.C. Bar No. 991442
1400 New York Ave, NW

Washington, DC 20005
Ariel.Glasner@usdoj.gov

# Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

December 17, 2023

/s/ ARIEL GLASNER
Trial Attorney, U.S. Department of Justice