IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHELITHA ROBERTSON,<br><br>Defendant. | Case No. 1:22-cr-00432-SDG-JEM |

### DEFENDANT ROBERTSON'S MEMORANDUM REGARDING FORFEITURE AND IMPOSITION OF A MONEY JUDGMENT

Defendant Shelitha Robertson respectfully files this Memorandum Regarding Forfeiture and Imposition of a Money Judgment, and respectfully asks the Court to decline to impose any money judgment on Defendant under Federal Rule of Criminal Procedure 32.2, or if the Court must award a money judgment that the judgment be in the nominal amount of one dollar. Defendant formally objects to the imposition of any money judgment on Defendant in any greater amount, based upon the authorities set forth herein.

The Government cites 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461, in its Indictment, alleging that Ms. Robertson must forfeit "any property, real or personal, that constitutes or is derived from proceeds traceable to such offenses…"

1

Doc. # 1, ¶ 33. The prosecution states in the Indictment its intent to seek forfeiture of Ms. Robertson's property "up to the value" of the forfeitable property described in the Indictment. *Id.* at ¶ 35. It alleges that Ms. Robertson shall forfeit "[a] sum of money in United States currency, **representing the amount of proceeds obtained** as a result of the offenses alleged in this Indictment…" *Id.* at ¶ 33(a) (emphasis added).

Federal Rule of Criminal Procedure 32.2 requires that, "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). If the forfeiture is contested, "on either party's request the court must conduct a hearing after the verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(1)(B).

The "amount of proceeds" alleged in the Government's Indictment is allegedly "over $7 million in [Paycheck Protection Program (PPP)] loans to the Robertson Entities." Doc. # 1, ¶ 24. The Government's own witnesses admitted under oath at trial that Ms. Robertson had repaid all PPP loan proceeds, as well as the interest on the proceeds, by the end of June of 2020.

"Money that is the 'proceeds' of a criminal offense 'constitute[s] **a defendant's interest in property**' and is subject to forfeiture via an *in personam* money judgment." *United States v. Waked Hatum*, 969 F.3d 1156, 1163 (11th Cir.

2

2020) (emphasis added) (quoting *United States v. Elbeblawy*, 899 F.3d 925, 940 (11th Cir. 2012)). Moreover, "**a district court may not hold members of a conspiracy jointly and severally liable for property that one conspirator, but not the other, acquired from the crime.**" *Id.* (emphasis added) (citing *Honeycutt v. United States*, 581 U.S. 443 (2017)). Ms. Robertson's interest in the property involved in the offense was limited to the $7 million in PPP loan proceeds which she received — which she returned with interest. There is no legal basis to include amounts of PPP loans which Government cooperating witness Chandra Norton fraudulently applied for and received for her own benefit.

Furthermore "'[i]f the value of the forfeited property is within the permissible range of fines under the relevant statute or sentencing guideline, the forfeiture is presumptively constitutional.'" *United States v. Esformes*, 60 F.4th 621, 640 (11th Cir. 2023), cert. denied, No. 23-95, 2023 WL 8531890 (U.S. Dec. 11, 2023) (quoting *Waked Hatum*, 969 F.3d at 1168). The Court of Appeals has "closely scrutinized forfeiture money judgments that exceeded the statutory maximum fine…" *United States v. Carlyle*, 776 F. App'x 565, 572–73 (11th Cir. 2019) (*per curiam*; unpublished) (citing *United States v. Sperrazza*, 804 F.3d 1113, 1127 (11th Cir. 2015)).

The federal wire fraud statute, 18 U.S.C. § 1343, limits any fine imposed upon a defendant to "not more than $1,000,000…" 18 U.S.C. § 1343. In contrast, the

money laundering statute, limits any fine to "not more than twice the amount of the criminally derived property involved in the transaction…" 18 U.S.C. § 1957(b)(2). The Government expressly alleges in its Indictment that that "transaction" involved only $128,000 allegedly derived from wire fraud. *See* Doc. # 1, ¶ 32.

Imposition of any money judgment upon Ms. Robertson in an amount greater than $1,256,000 would presumptively constitute an excessive fine and punishment in violation of Ms. Robertson's rights under the Eighth Amendment of the Constitution of the United States. However, given the undisputed fact that the Government has been repaid all of the proceeds which Ms. Robertson received, the Court should decline to impose any money judgment on Ms. Robertson, or if the Court concludes that it must issue a money judgment it should do so in the amount of $1.00.

Accordingly, based upon the authorities set forth herein, respectfully asks the Court to decline to impose any money judgment on Defendant under Federal Rule of Criminal Procedure 32.2, or if the Court must award a money judgment that the judgment be in the nominal amount of one dollar.

Respectfully submitted, this 19th day of December, 2023.

/s/ *Craig A. Gillen*_____
Craig A. Gillen
Georgia Bar No. 294838
Anthony C. Lake
Georgia Bar No. 431149
GILLEN & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
aclake@gwllawfirm.com

*Counsel for Defendant Shelitha Robertson*

# CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned hereby certifies, pursuant to LCivR 7.1(D), that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in LCivR 5.1(B).

The undersigned hereby further certifies that on this 19th day of December, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on all attorneys of record.

    */s/ Craig A. Gillen*_____
    Craig A. Gillen
    Georgia Bar No. 294838
    Anthony C. Lake
    Georgia Bar No. 431149
    GILLEN & LAKE LLC
    400 Galleria Parkway
    Suite 1920
    Atlanta, Georgia 30339
    (404) 842-9700
    cgillen@gwllawfirm.com
    aclake@gwllawfirm.com

    *Counsel for Defendant Shelitha Robertson*